Darma **COLON–RODRIGUEZ, on her Behalf and representing her daughter, minor Wilma Linnette LOPEZ–COLON Plaintiffs**

v.

**Dr. Alfredo COLON–MARTINEZ Rio Piedras Obstetrical Group Dr. Adrian Colon–Laracuente Dr. Jose Alvarez–Rivera Dr. Jose Somohano–Mayol Sociedad Espanola De Auxilio Mutuo Y Beneficencia De Puerto Rico (Hospital Auxilio Mutuo) Reliance National Insurance Co. Sindicato De Aseguradores De Impericia Medica (Simed) Companies A–Z John Doe Richard Roe and Peter Poe Defendants**

No. CIV.01–1397CCC.

United States District Court,
D. Puerto Rico.

Feb. 3, 2003.

Pedro F. Soler–Muñiz, Esq., Guaynabo, PR, for Plaintiffs.

Myriam González–Olivencia, Esq., Guaynabo, PR, I. Domínguez, Esq., D. Quiñones–Tridas, Esq., J. González–Villamil, Esq., J.A. Pedrero–Lozada, Esq., R. Dieppa, Esq., San Juan, PR, for Defendants.

## ORDER

CEREZO, District Judge.

This is an action for medical malpractice which is before us pursuant to our diversity jurisdiction. Plaintiffs Darma Colón–Rodríguez and her daughter Wilma Linnette López–Colón allege in their complaint that the substandard medical care they received from defendants caused Wilma Linnette to suffer a hypoxic insult at birth, with its concomitant damages. Now before the Court is the Motion for Summary Judgment filed by defendants Hospital Auxilio Mutuo, Inc. and Dr Alfredo Colón–Martínez on January 16, 2003 (**docket entry 119**) and plaintiff Colón–Rodríguez' opposition filed on January 27, 2003 (**docket entry 123**).

The crux of defendant's legal contention in support of dismissal is that the action is time barred, "inasmuch as plaintiff filed the complaint more than one year after the facts contained in the complaint occurred, plaintiff knew the damages caused and in her mind, *who allegedly caused said damages.*" Motion for Summary Judgment, docket entry 119, p. 2, ¶ 4 (emphasis in original). As factual support for their contention, defendants aver that at least since March 8, 1998, when Wilma Linnette was evaluated by a speech therapist, her parents knew of the damages suffered by her. Hence, since the first complaint in relation to the facts of this action was filed in the Commonwealth courts on September 14, 1999, after the one-year statute of limitations for tort actions provided by Article 1868 of the Civil Code of Puerto Rico (31 L.P.R.A. § 5298) had elapsed, they conclude that it is barred.

Plaintiff Colón–Rodríguez portrays a different scenario. Relying on *Riley v. Rodriguez de Pacheco*, 119 D.P.R. 762 (1987),

she affirmed under oath (Exhibit 7 to the opposition, docket entry 123) that it was not until she received the report of Dr. Seemantinl Hariharan dated August 9, 1999 [1] that she realized that movants had been negligent and that the damages suffered by Wilma Linnette were the consequence of their actions. Thus, she sustains that the statute of limitations as to her was timely tolled by the filing of the local complaint just a month later.

We agree with plaintiff's position. As the Supreme Court of Puerto Rico distinctly reiterated in *Riley*, 119 D.P.R. at 775–776, "in order to exercise the action, *not only must the aggrieved person know that he has been injured; he must also know who is the author of the injury in order to address the action against him, so he may know who to sue;* reason why, the statute of limitations is triggered off by the notice of the injury, plus notice of the person who caused it." (Emphasis in original.) We have reviewed the evaluation of the speech therapist which the moving defendants claim gave this notice to plaintiff (Exhibit II to defendants' motion for summary judgment, docket entry 119), and found nothing there showing that plaintiff actually knew that her daughter's speech problems were the result of the complications suffered by her during the delivery, or reflecting that the speech therapist conclusively established that such was the case. In fact, the only evidence on record which lays down this connection between Wilma Linnette's damages and her delivery is the report of Dr. Hariharan dated August 9, 1999. As the local complaint which interrupted the running of the statute of limitations was filed by plaintiff barely a month after this report was prepared, it necessarily follows that this action is timely filed.

---

1. Although the date stated in Colón–Rodríguez' sworn statement is August 9, 1998, this is clearly a typographical error as Dr. Hari- haran's report, also included as an exhibit to the opposition (Exhibit 8), shows that it was prepared on August 9, 1999.

In view of the above stated, the Motion for Summary Judgment filed by defendants Hospital Auxilio Mutuo, Inc. and Dr. Alfredo Colón–Martínez on January 16, 2003 (**docket entry 119**) is DENIED.

SO ORDERED.